UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARILYN J. PHILLIPS, PhD.
2673 Oswald Drive
Hampstead, MD 21074-1059

    Plaintiff,

vs.

HERITAGE IMPORTS, INC.
1 Olympic Place, Suite 1200
Towson, Maryland 21204

    Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is and action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, and the ADA Amendments Act of 2008 42 U.S.C. §12101 et. seq. (collectively the "ADA"), which prohibit discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. §1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff, Marilyn Phillips, PhD. ("Phillips"), is an adult resident of Maryland, and an individual with a disability substantially limiting life activity, covered by the ADA, in that she has post-polio, and uses a wheelchair for mobility.

1

5. Defendant Heritage Imports, Inc. ("Heritage") is a Maryland corporation and the owner and operator of Mileone Heritage Subaru/Volkswagen, a car dealership located at 9808 Reisterstown Road, Owings Mills, Maryland 21117 ("Dealership").

### The Dealership is a Place of Public Accommodation

6. The Dealership is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(E).

### ADA Prohibition of Discrimination by Public Accommodation

7. Title III of the ADA, specifically 42 U.S.C. §12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including failure to make appropriate modification in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

8. There are architectural barriers violative ot the ADA at the Dealership, which include but are not limited to the following:

    a) There are no access aisles adjacent to designated "accessible" parking spaces;

    b) There are no van accessible parking spaces provided;

    c) Appropriate signs identifying the "accessible" parking spaces are not provided;

    d) The "accessible" parking spaces are not located on the nearest accessible route to the entrance;

e) The "accessible" parking spaces are used by the Dealership as temporary parking spaces for new vehicle pick-up by customers;

f) The toilet rooms lack compliant signage;

g) Lever-type hardware is not provided at the lavatories;

h) No rear grab-bar is provided at the water-closets;

i) Coat-hooks are mounted above the maximum allowable height;

j) Upon information and belief, there are other areas of ADA non-compliance at the dealership;

9. By failing to remove existing architectural barriers, Heritage has discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodations offered at the Dealership, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

**Failure to Remove Architectural Barriers
or Modify Policies: Unlawful Discrimination**

10. Heritage has failed to remove the above mentioned architectural barriers at its Dealership and to make reasonable modification in its policies, practices and procedures to afford full and equal access and enjoyment of the Dealership by person with disabilities covered by Title III of the ADA, in violation of 42 U.S.C. §12182(b)(2)(A).

**Standing: Phillips' visit and Intention to Return to the Dealership**

11. Phillips has visited the Dealership, but was injured because her full and equal enjoyment of the Dealership was denied and curtailed by the presence of the architectural barriers

set forth above, which, among other things, forced her and her husband to park their vehicle in an unsafe manner when visiting the dealership.

12. Phillips has a present intention and desire to visit the Dealership again.

### Notice Provided by Phillips

13. Prior to filing the present action, though not required by the ADA, Phillips provided notice to Heritage of the observed barriers to access by way of e-mail dated and sent on November 24, 2014 to the sales manager at the Dealership. As of the date of the filing of this lawsuit, no response to the e-mail had been provided.

WHEREFORE, Phillips demands judgment against Heritage, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, the Dealership, owned, leased and/or operated by Heritage is not readily accessible to Phillips violative of the ADA;

B. That the Court enter an order directing Heritage to alter and renovate the place of public accommodation at issue in this case, to wit, the Dealership, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter and order directing Heritage to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow it to undertake and complete the alterations and renovation at the place of public accommodation at issue in this case, to wit, the Heritage;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit , to Phillips; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

        Respectfully submitted,


        /s/ Joel R. Zuckerman
        Joel R. Zuckerman
        Federal Bar No. 012730
        Maxwell Barke & Zuckerman LLC
        51 Monroe Place, Suite 806
        Rockville, Maryland 20850
        Telephone: (301) 309-8300
        Facsimile: (301) 309-8303
        email@maxlaw.us
        *Attorney for Plaintiff*